(21 Misc. Rep. 598.)

### BISHOP v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County.   October 28, 1897.)

MUNICIPAL CORPORATIONS—LIABILITIES FOR INJURIES IN STREET.

In an action for damages caused by being struck by an empty city ash cart in the street, plaintiff cannot recover against the city where it is not shown what duty the driver was engaged in at the time of the accident,—whether in some duty for the city itself, or for some officer for whose acts the city is not liable.

Action by Julia A. Bishop (or Quill) against the mayor and common council of the city of New York.   Heard on motion for new trial, after verdict for plaintiff.   Granted.

A. P. Ketchum, for plaintiff.
F. M. Scott, for defendant.

DUGRO, J.   This case turns upon the nature of the duties imposed upon the street-cleaning department.   If governmental, or partly so, the verdict cannot stand; otherwise, it can.

In Ehrgott v. Mayor, etc., 96 N. Y. 271, the court of appeals says:

"It is settled that municipal corporations, having the powers ordinarily conferred upon them respecting streets within their limits, owe to the public the duty to keep them in a safe condition for use in the usual mode by travelers, and are liable in a civil action for special injury resulting from neglect to perform this duty."

The duty to keep the streets in a safe condition carries with it, by implication, a duty to keep them reasonably clean.   Hence the duty of cleaning the streets is primarily upon the corporation, and so not governmental.   If, therefore, the cleaning of the streets was the only duty imposed upon the street-cleaning department, the department would be solely the agent of the corporation for the performance of corporate duties beneficial to the corporation.   The consolidation act contains this provision:

"The commissioner of street cleaning * * * is hereby charged with the duty of removing from said city, or otherwise disposing of, as often as the public health and use of the streets may require, all street sweeping, ashes and garbage, and of removing new fallen snow from the leading thoroughfares, and such other streets and avenues as may be found practicable."   Section 704.

It will be noted that the department is charged with a duty to remove from the city, as often as the public health may require,

ashes and garbage and new-fallen snow. The removal of these is no corporate duty. It is a public service. The ashes and garbage are to be removed from the city, not from the street specifically, for the welfare and convenience of the public. Nowhere in the act is there a specification that the ashes and garbage to be removed should be that in the street only. In point of fact, the department removes quantities of ashes and garbage which are never in the street, except during the times of removal. The city, as such, is not benefited, nor is it by the act sought to be benefited, by the removal of new-fallen snow. The removal of the snow is for the public convenience. There is no duty primarily upon a corporation to remove new-fallen snow. The city is merely obligated to use care to remove accumulations of snow or ice, and such formations as may be obstructions to the use of the street as such. This duty arises, among other things, from the facts of the city's control, interest, and right in the street and its bed, and the right of use in the public. The duty of cleaning streets is primarily that of the corporation, and rests upon the city, independent of the statute. The duty of removing ashes, garbage, and new-fallen snow is not primarily upon the corporation, and, independent of the statute, the city would be under no obligation to remove them. The latter duty is therefore governmental, and the former not. As the duties charged upon the department in question are in part governmental, and as the case does not disclose the duty in which the driver was engaged at the time of the accident, it is not possible to say that he was acting upon the time in question in the performance of a duty imposed primarily upon the city. I have examined the cases of Barney Dumping-Boat Co. v. Mayor, etc., of New York, 40 Fed. 50, and Engle v. Mayor (see note by editor) Id. 51. These cases were held to turn upon the question of the city's duty to maintain its streets in fit and suitable condition for the use of those who resort to them. In these cases the negligent acts complained of were committed while refuse from the streets was being removed. The courts were therefore not called upon to consider the fact that the street-cleaning department was not only to clean the streets, but to remove ashes and garbage and new-fallen snow from the city. Mayor, etc., of New York v. Workman, 14 C. C. A. 530, 67 Fed. 348, and Maxmilian v. Mayor, etc., of New York, 62 N. Y. 162, support what has been written.

The motion for a new trial must be granted.