(24 Misc. Rep. 560.)

DAVIDSON v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. September, 1898.)

MUNICIPAL CORPORATIONS—PERSONAL INJURY—CITY'S LIABILITY.

> Since Consolidation Act, § 704, charges the commissioner of street-cleaning of New York with the duty of removing from the city, or otherwise disposing of, ashes and garbage, as often as the public health may require, the city is not liable for a personal injury caused by the driver of a vehicle in the street-cleaning department while employed in removing garbage from houses, as under the act it was not a duty performed for the benefit of the city as a corporation, but a general governmental function performed for the general welfare of all the people.

Action for personal injuries by Edwin Davidson, by Albert Davidson, his guardian ad litem, against the mayor, etc., of the city of New York. There was a verdict for the plaintiff, and the defendant moves to set aside the verdict, and for a new trial. Granted.

A. Welles Stump (George C. Harrison, of counsel), for plaintiff.

John Whalen, Corp. Counsel (Harold S. Rankine, of counsel), for defendant.

CHESTER, J. An examination of this case leads me to the conclusion that I should follow the decision in the case of Bishop v. City of New York, 21 Misc. Rep. 598, 48 N. Y. Supp. 141. In that case the injuries were caused by an empty ash cart, belonging to the street-cleaning department, while being drawn in the street. It did not appear what special duty the driver was engaged in at the time. Here it appears that at the time of the accident the driver was not engaged in cleaning streets, but was employed in removing waste paper and other garbage from houses on Madison avenue. In the

absence of a statute, there would be no obligation resting upon .the city to remove refuse from houses; but Consolidation Act, § 704, charges the commissioner of street-cleaning with the duty of removing from the city, or otherwise disposing of, ashes and garbage, as often as the public health may require. This, under the principle of the case referred to, is not a duty performed for the benefit and advantage of the city as a corporation, but is a general governmental function, performed in the interest of the public health, and for the general welfare of all the people. That being so, the defendant is not liable for the injuries sued for. Maxmilian v. Mayor, etc., 62 N. Y. 162; Condict v. Jersey City, 46 N. J. Law, 157. The motion to set aside the verdict and for a new trial is granted.

Motion granted.